

FILED

03 FEB 25 ∤M11:38

M⋯⋯⋯⋯FLORIDA
⋯⋯⋯FLORIDA

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC,**

      **Plaintiff,**

vs.

**SCHOOL BOARD OF HILLSBOROUGH
COUNTY,**

      **Defendant.**
_____/

8:03-cv-322-T-17TBM

**CASE NO.:**

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

## PRELIMINARY STATEMENT

1.    This is an action for a declaration of rights, and injunctive relief.

2.    Plaintiff, ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. ("Advocacy Center") is the designated Protection and Advocacy system for the State of Florida and, inter alia, has standing to pursue the legal rights of individuals with developmental disabilities. See Developmental Disabilities Assistance and Bill of Rights Act (PADD), 42 U.S.C. § 15041 *et seq.*

3.    The Defendant, SCHOOL BOARD OF HLLSBOROUGH COUNTY, ("School Board") is being sued in its corporate capacity and is responsible for setting the policy for Hillsborough County schools.

## JURISDICTION

4.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

$150.00
TP 20372

5.     This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to declare the rights and other legal relations of the parties to this action.

6.     This action arises under 42 U.S.C. § 15041 *et seq.*

## VENUE

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in this district.

## PARTIES

8.     The Plaintiff, Advocacy Center, is a private not-for-profit Florida Corporation designated by the Governor as Florida's Protection and Advocacy system.

9.     The Advocacy Center is authorized to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of and advocacy for, the rights of such individuals within the State . . ." who are developmentally disabled. Developmental Disabilities Assistance and Bill of Rights Act of 2000, Public Law 106-402, 114 Stat. 1677 (2000), Sec. 143(a)(2)(A)(i).

10.     Moreover, the Advocacy Center is entitled to "have access to all records of - - any individual with a developmental disability who is a client of the system if such individual . . . has authorized the system to have such access". 42 U.S.C. § 15043(a)(2)(I)(i)

11.     The Defendant, at all times material, has been responsible for School Board policy that includes the release of school records belonging to students in its school system.

2

## FACTUAL ALLEGATIONS

12.     On or about November 8, 2002, the Advocacy Center was contacted on behalf of Tony Griffin, a developmentally disabled eighteen year old, regarding his unresolved issue with the School Board denying him access to his school.

13.     The Advocacy Center was advised that Mr. Griffin was removed from school on September 25, 2002 because of an alleged communicable disease.

14.     The foregoing act by the Defendant may constitute an act of abuse and neglect.

15.     On or about November 27, 2002, Mr. Griffin executed a form entitled "release of information" directing the School Board to furnish the Advocacy Center his school records.. A copy of release is attached as Exhibit A.

16.     On or about December 4, 2002, the Advocacy Center requested    Mr. Griffin's school records, attaching the aforementioned "release".   A copy of the Advocacy Center letter is attached as Exhibit B.

17.     On or about December 9, 2002, a representative of the School Board advised the Advocacy Center that the School Board concluded that Mr. Griffin was not able to make an informed consent for the release of his records.  A copy of the letter is attached as Exhibit C.

18.     On or about December 12, 2002, the Advocacy Center advised an employee of the School Board of its federal authority to access Plaintiff Griffin's school records.  A copy of which is attached as Composite Exhibit D.

19.     In response to the foregoing, the Advocacy Center was advised that a surrogate had been appointed on behalf of Griffin in accordance with a State Board of

Education Rule 6A-6.033, and that the surrogate's permission was required prior to the release of any of Griffin's school records.  A copy of which is attached as Exhibit E.

20.     Upon knowledge and belief, the surrogate has denied the Advocacy Center access to Mr. Griffin's school records.

21.     Mr. Griffin is sui juris and has not agreed to the appointment of a surrogate by the School Board.

22.     Upon knowledge and belief, there has never been a judicial proceeding appointing a guardian to act on behalf of Mr. Griffin.

23.     Defendant's refusal to honor Mr. Griffin's right to obtain a copy of his school records violates the Federal Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1412(a)(8) and 1417(c), 34 C.F.R. §§ 300.127, 300.560-300.577, and section 228.093, Florida Statutes.

24.     Defendant's refusal to provide the Plaintiff access to Mr. Griffin's school records violates  42 U.S.C. § 15043(a)(2)(I)(i).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter an Order that:

a.     Declares that the Defendant's refusal to furnish to the Plaintiff Mr. Griffin's school records violates the Plaintiff's federally mandated right of access to records in violation of 42 U.S.C. § 15043(I).

b.     Enter an order against the School Board requiring it to immediately furnish the Advocacy Center with Mr. Griffin's school records.

c.     Award costs and attorneys' fees to the Plaintiff.

d.    Grant such other relief as the Court may deem to be just and proper.

Dated this 24th of February, 2002.

ATTORNEYS FOR PLAINTIFF


GORDON B. SCOTT
Fla. Bar. No. 112860
Trial Counsel
ADVOCACY CENTER FOR PERSONS
  WITH DISABILITIES, INC.
2671 Executive Center Circle W
Suite 100
Tallahassee, Florida 32301-5092
(850) 488-9071  ext. 214
(850) 488-8640  fax


LAURA L. WHITESIDE
Fla. Bar No. 509566
Trial Counsel
ADVOCACY CENTER FOR PERSONS
  WITH DISABILITIES, INC.
Times Building Suite 513
1000 N. Ashley Drive
Tampa, FL 33602
(813) 233-2920 ext. 214
(813) 233-2917 fax



# Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

## AUTHORIZATION FOR RELEASE OF INFORMATION

TO: *Hillsborough Co. Schools*

RE: *Tony (Terell) Griffin*

DOB: *8/29/84*

I hereby authorize the above named party to furnish to the Advocacy Center for Persons with Disabilities or its agent or authorized representative, full and complete educational records, program records, habilitation plans, medical reports, psychiatric and/or psychological reports, hospital records, legal documents, documents regarding any investigations concerning alleged abuse/neglect and any findings, transcripts, abstracts, x-rays, laboratory reports, and any other information, including medical opinions and medical histories, alcohol and/or drug abuse diagnosis and/or treatment and any information relating to HIV testing, AIDS, and any AIDS-Related Syndromes that might be contained therein which the Advocacy Center or its agent or authorized representative may request in connection with my care and treatment.

I further authorize the above named party to permit the Advocacy Center for Persons with Disabilities or its agent or authorized representative to examine or to copy or to order copies of any and all the reports, records, or other documents mentioned above, and any other information that it may request in connection with the aforementioned matter. I also authorize staff members of the above named agency to speak to the Advocacy Center agent about my concerns.

Please do not disclose any information to any other person without prior written consent by me. Your cooperation is appreciated.

This consent form expires one year from date of signature, unless revoked by me in writing prior to that date.

← Terrell's Mark

_____    Date _____
Individual/Legal Guardian                   1/27/02

☐ 2671 Executive Center Circle West,     ☐ 2901 Stirling Road      ☒ The Times Building
Suite 100                                Suite 206                    Suite 513  1000 N. Ashley Drive
Tallahassee, FL 32301-5092               Ft. Lauderdale, FL 33312     Tampa, FL 33602
tel. 850.488.9071                        tel. 954.967.1493            tel. 813.233.2920
fax 850.488.8640                         fax 954.967.1496             fax 813.233.2917
toll free 800.342.0823                   toll free 800.350.4566       toll free 866.875.1794
toll free TDD only 800.346.4127          toll free TDD only 866.478.0640   toll free TDD only 866.875.1837

*www.advocacycenter.org*

## EXHIBIT A



# Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

4 December 2002

Ed McDowell, Dir.                                    **via facsimile**
Exceptional Student Education
1202 E. Palm Ave.
Tampa, FL 33605

FAX 813-273-7340

Dear Mr. McDowell:

I have received a request for assistance on behalf of Tony (Terrel) Griffin.  Please consider this letter a formal request for records.   Attached to this request is Terrel's signed Authorization for Release of Information and Records, as he is 18 years of age.

The Advocacy Center for Persons with Disabilities, Inc. is Florida's federally funded protection and advocacy system for individuals with disabilities.  Our mission is to advance the dignity, equality, self-determination and expressed choices of individuals with disabilities.  I am an advocate with the Center's Protection and Advocacy for Individuals with Developmental Disabilities (PADD) program.

Please provide copies of the following documents:
* Terrel's current IEP
* Conference notes from any and all meetings since Jan. 2002
* Any and all recent evaluation reports including OT, PT, speech, psychological, and achievement
* Any and all informal behavioral observation notes, anecdotal records, and incident reports since Jan. 2002
* The two most recent Functional Behavioral Assessment (FBA) summary reports and resulting Behavior Intervention Plans (BIP)
* Any and all raw data collected during the FBAs
* Any and all data collected to monitor the effectiveness of Terrel's current BIP
* Any and all other documents used to make educational decisions for Terrel
* A description of the current strategies used to support Terrel in school, including positive behavioral supports, assistive technology, augmentative communication, and visual supports
* Written justification and notification regarding removal of Terrel from previous school placement at Plant City Exceptional
* A description of the current strategies used specifically to support Terrel during his transition back into the school environment
* The most recent version of a transition plan regarding Terrel's re-introduction into the school environment

☐ 2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850.488.9071
fax 850.488.8640
toll free 800.342.0823
toll free TDD only 800.346.4127

☐ 2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350.4566
toll free TDD only 866.478.0640

 The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813.233.2920
fax 813.233.2917
toll free 866.875.1794
toll free TDD only 866.875.1837

*www.advocacycenter.org*
EXHIBIT B

- Documentation of any and all training and information faculty and staff who work with Terrel have received regarding Positive Behavior Supports and/or Autism

If you need to forward this request to a more appropriate individual, please do so immediately.  **As provided by our access authority (42 U.S.C.A. § 15043) the district is obligated to provide the requested records no later than three (3) business days after receiving a written request.  You will be receiving signed releases to accompany this request on Wednesday 4 December 2002.  I will expect to receive the documents by Tuesday 11 December 2002.**

Thank you for your assistance.  If you have any questions, please contact me immediately so that I may expect the requested documents promptly.

Sincerely,

Hilary Pendleton, MA, MEd
Protection and Advocacy
Developmental Disabilities


Cc:   Sylvia Smith, Esq., PADD Dir.
      Ellen Kinsey, Staffing and Compliance

# School District of Hillsborough County

**School Board**
Carol W. Kurdell, Chair
Glenn Barrington, Vice Chair
Carolyn Bricklemyer
Jennifer Faliero
Jack R. Lamb, Ed.D.
Candy Olson
Doris Ross Reddick



**Superintendent of Schools**
Earl J. Lennard, Ph.D.

**Deputy Superintendent for Instruction**
Beth Shields

**Assistant Superintendent for Curriculum and Instruction**
Michael A. Grego, Ed.D.

December 9, 2002

Ms. Hilary Pendleton
Advocacy Center for Persons with Disabilities, Inc.
The Times Building
1000 N. Ashley Drive, Suite 513
Tampa, Florida 33602

Dear Ms. Pendleton:

I am in receipt of your request for the educational records of Tony Terrell Griffin. I have also reviewed the Authorization for Release of Information form that accompanied your request. It bears a notation on the signature line that is referenced as "Terrill's mark." The district's position is that Terrell is a child with a disability that manifest itself in such a manner that he is not able to provide informed consent for release of records. His functioning level is such that we do not believe that he is able to understand the purpose for which his signature is sought.

Mrs. Doris Renick currently serves as Terrell's surrogate parent. I will contact Mrs. Renick and forward your request to her for review. Should she agree to sign an Authorization for Release of Information, the district will release the records to you in a timely manner.

Please let me know if I may be of additional assistance.

Sincerely,

*Ellen Kinsey*

Ellen Kinsey, Supervisor
Staffing and Compliance

Cc: Edward H. McDowell, Jr., Director, Exceptional Student Education
    Doris Renick, Surrogate Parent

**Raymond O. Shelton School Administrative Center** • 901 East Kennedy Boulevard • Tampa, Florida 33602
P.O. Box 3408 • Tampa, FL 33601-3408
Office: Phone: 813-272-4221 SUNCOM 547-4221• FAX: 813-272-4220 • School District Main Office: 813-272-4000
www.sdhc.k12.fl.us

**EXHIBIT C**



# Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

December 12, 2002

Ellen Kinsey, Supervisor                                    *via facsimile*
Staffing and Compliance
Hillsborough County Schools
901 E. Kennedy Blvd.
Tampa, FL 33602

Please include this correspondence in Terrell's cumulative file, as well as the attached letter from senior attorney, Laura Whiteside.

You appear to have misunderstood the provision that applies to my request. Terrell is considered a legally competent adult; he has reached the age of majority and has not been adjudicated incompetent. As of 12 December 2002, he has not been appointed a guardian. His prior guardianship expired in August 2002 and has not been renewed.

For your edification, please refer to the attached letter from Ms. Whiteside. Again, I encourage you to contact either Laura Whiteside (866-875-1794), or my director and agency attorney, Sylvia Smith (800-342-0823) should you need further legal explication of our federal mandate and access authority and / or pertinent provisions related to Terrell's legally competent status.

Again, I await your prompt response and provision of the requested records within (3) business days of receipt of this letter dated 12 December 2002. If you require further assistance or do not have the authority to comply with my request as it has been made, please direct our agency to the individual in the school district who has the appropriate authority. Thank you in advance for your cooperation and prompt response.

Respectfully,

Hilary Pendleton, MA, MEd
Protection and Advocacy
Developmental Disabilities Program

Cc:    Ed McDowell, Dir. ESE
       Laura Whiteside, Esq.
       Sylvia Smith, Esq., PADD Dir.

2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850.488.9071
fax 850.488.8640
toll free 800.342.0823
toll free TDD only 800.346.4127

2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350.4566
toll free TDD only 866.478.0640

The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813.233.2920
fax 813.233.2917
toll free 866.875.1794
toll free TDD only 866.875.1837

*www.advocacycenter.org*
COMPOSITE EXHIBIT D



# Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

December 12, 2002

Hilary Pendleton, MA, MEd
Protection and Advocacy
Developmental Disabilities
Advocacy Center for Persons with Disabilities, Inc.
1000 N. Ashley Drive, Suite 513
Tampa, FL 33602

Re:    Your inquiry concerning P&A access authority
       Client: Tony "Terrell" Griffin

Dear Hilary:

You have asked for my opinion concerning a school district's response to a request you made for records of a client of the Advocacy Center for Persons with Disabilities, Inc. Specifically, on December 4, 2002, you sent a request via facsimile to Ellen Kinsey, ESE Supervisor for the School Board of Hillsborough County. You informed Ms. Kinsey that you have obtained consent from the client and you included a copy of that consent. You requested that the records be provided in accordance with the authority of 42 U.S.C. § 15043, allowing access within three (3) business days of the request from the Advocacy Center for Persons with Disabilities, Florida's designated protection and advocacy system.

On December 11, 2002, you received a mailed response from Ms. Kinsey claiming that the school district has determined that Mr. Griffin is not competent to consent and that the school district has appointed a surrogate. This determination was made despite his status as having attained the age of majority and having no legal guardian appointed for him. You have asked me for clarification of the obligations of the school district to provide the records as you requested.

The applicable provisions of Section 15043 of Title 42, United States Code, state that:

> (2) such system shall –
> ... (I) have access to all records of –
> (i) any individual with a developmental disability who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access.

☐ 2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850.488.9071
fax 850.488.8640
toll free 800.342.0823
toll free TDD only 800.346.4127

☐ 2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350.4566
toll free TDD only 866.478.0640

☐ The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813.233.2920
fax 813.233.2917
toll free 866.875.1794
toll free TDD only 866.875.1837

*www.advocacycenter.org*

Hilary Pendleton, MA, MEd
December 12, 2002
Page 2

> ...
> (J)(i) have access to the records of individuals described in
> subparagraphs (B) and (I), and other records that are relevant to
> conducting an investigation, under the circumstances described in
> those subparagraphs, not later than 3 business days after the system
> makes a written request for the records involved....

42 U.S.C. § 15043(2)(I)(i) & (J)(i).  Under these provisions, you are entitled to the records as you requested.

In the absence of a judicial determination that Mr. Griffin, who is over the age of 18, is incompetent, the school district is without authority to deny his request that his educational records be provided to you.  His rights to designate you to receive records on his behalf arise under the Federal Education Rights and Privacy Act, 34 C.F.R. Part 99, section 228.093, Florida Statutes and Rule 6A-1.0955(6)(b) and (g)(3), Florida Administrative Code.  Specifically, applicable Florida law provides that "school districts shall presume that the adult student or the parent or guardian of the pupil, as appropriate, giving consent has the authority to do so unless the district has been provided with evidence that there is a legally binding instrument, or state law or court order governing such matters as divorce, separation, or custody which provides to the contrary."

Please let me know if you require further assistance in timely obtaining a complete response to your request for records related to Mr. Griffin.

Sincerely,

Laura L. Whiteside
*Senior Attorney*

# School District of Hillsborough County

**School Board**

Carol W. Kurdell, Chair

Glenn Barrington, Vice Chair

Carolyn Bricklemyer

Jennifer Faliero

Jack R. Lamb, Ed.D.

Candy Olson

Doris Ross Reddick



**Superintendent of Schools**
Earl J. Lennard, Ph.D.

**Deputy Superintendent for Instruction**
Beth Shields

**Assistant Superintendent for Curriculum and Instruction**
Michael A. Grego, Ed.D

**Director for Exceptional Student Education**
Edward H. McDowell, Jr.

December 18, 2002

Ms. Hilary Pendleton
Advocacy Center for Persons with Disabilities, Inc.
The Times Building
1000 N. Ashley Drive, Suite 513
Tampa, Florida 33602

**VIA FACSIMILE**

Dear Ms. Pendleton:

This letter is written in response to your letter to me dated December 12, 2002. The district continues to have concerns regarding the validity of the release of records request for Tony Terrell Griffin. The request that we received bears the three letters that are represented to be Terrell's mark. It also bears the signature of two other persons. However, the form is not notarized and in the absence of a notary seal, the validity remains questionable. Even if the form were notarized, the question for the district remains, should the district have the signature of the surrogate parent since it has not been determined that Terrell has the ability to grant informed consent.

Some time ago, the district appointed a surrogate in accordance with Florida Statutes and State Board of Education Rules 6A-6.0333. The rule provides situations under which a surrogate must be assigned as well as the circumstances under which surrogacy is terminated. The district will continue to utilize a surrogate since none of the situations related to termination of the surrogate applies in Terrell's case.

To this end, I am sending a letter to Doris Renick requesting her permission to release the records to you. I am enclosing a copy of the letter to Mrs. Renick. Should she grant written authorization to release Terrell's educational records, I will do so without delay.

Please let me know if I may be of additional assistance.

Sincerely,

Ellen Kinsey, Supervisor
Staffing and Compliance

Cc: Edward H. McDowell, Jr., Director, Exceptional Student Education
Doris Renick, Surrogate Parent

---

Velasco Student Services Center • 1202 East Palm Avenue • Tampa, FL 33605 • Website: www.sdhc.k12.fl.us
Department of Exceptional Student Education • 813-273-7025 • Fax: 813-273-7340
School District Main Office: 813-272-4000

**EXHIBIT E**